# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | | |
|---|---|---|
| DEMETRIOUS NETTLES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:18-CV-798 JAR |
| | ) | |
| MATTHEW WALTZ, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on pro se plaintiff Demetrious Nettles' motion for leave to proceed in forma pauperis in this civil action under 42 U.S.C. § 1983. The motion is granted. Furthermore, based upon a review of the complaint, the Court finds that the complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

### Standard of Review

Under 28 U.S.C. § 1915(e), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a

context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

When reviewing a complaint under 28 U.S.C. § 1915(e), the Court accepts the well-pled facts as true. Furthermore, the Court liberally construes the allegations.

**The Complaint**

Plaintiff brings this action under 42 U.S.C. § 1983 against his public defender Matthew Waltz, alleging he denied plaintiff his "constitutional rights to proper counsel and representation." For his claim, plaintiff states:

> [Defendant] [d]enied me constitutional rights to proper counsel and representation. Went into contempt racial profiling. [Illegible] and nullification my lawyer. Unamerican and Ungod [illegible] unpatriotic. Would stalk me. Saying I governmentally stole something and [illegible] somebody. [Illegible] unconstitutionally [illegible] me for foreign immigrants with no immigration and [illegible] a terror group. 2. Thru the course of 9-5-16 to 4-9-18 that's when it happened. 3. Where did it happen: the Medium Security Institute, 7600 Hall Street, The Justice Center, the Carnahan Building. Slander defamation.

For relief, plaintiff seeks $60 million in damages.

**Discussion**

Although plaintiff's complaint is not clear, he seeks to sue his public defender for violations of his civil rights from September 5, 2016 through April 9, 2018, when plaintiff was housed at the Medium Security Institution and the St. Louis City Justice Center.[1]

A § 1983 claim must allege that a defendant, acting under color of state law, deprived the plaintiff of rights, privileges, or immunities secured by the Constitution and laws of the United States. 42 U.S.C. § 1983; *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Here, plaintiff's complaint fails to state a claim upon which relief can be granted because "a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a

---

[1] Plaintiff is no longer incarcerated, and has not been since at least May 24, 2018.

defendant in a criminal proceeding." *Polk County v. Dodson*, 454 U.S. 312, 325 (1981). For this reason, plaintiff's complaint will be dismissed without prejudice under 28 U.S.C. § 1915(e)(2)(B).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [ECF No. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff's complaint is **DISMISSED without prejudice** under 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that plaintiff's motion to appoint counsel is **DENIED as moot**. [ECF No. 3]

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 26th day of July, 2018.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE